MARY JANE GREEN, Petitioner and Respondent, v. FREDRICK LOUIS GREEN, Sr., Respondent and Appellant.

No. 14002.
Submitted May 16, 1978.
Decided June 12, 1978.
579 P.2d 1235.

Dzivi, Conklin, Johnson & Nybo, Great Falls, for respondent and appellant.

Graybill, Ostrem, Warner & Crotty, Great Falls, Submitted on Briefs, for petitioner and respondent.

MR. JUSTICE SHEEHY delivered the opinion of the Court.

This appeal, having been classified under the Internal Operating Rules of this Court as one for submission on briefs without oral argument, comes on regularly for consideration and decision.

The appeal is taken from an order of the District Court, dated August 31, 1977, in which order the respondent wife, Mary Jane Green, was granted an increase in child maintenance payments from $120 per month to $220 per month against appellant husband, Fredrick Lewis Green, Sr. The appeal arises from the District Court of the Eighth Judicial District, Cascade County.

The parties to this action were married to each other twice and divorced twice. They were first married in Great Falls, Montana, on August 25, 1961. This marriage ended in divorce on October 15, 1965. One child was born as a result of that marriage, Robert James Green, who was born June 17, 1963. The parties remarried on August 17, 1970, which second marriage continued until they were again divorced on October 24, 1972, in the District Court, Cascade County. In the second divorce action, a property settlement agreement was made whereby appellant Green would pay support for Robert in the amount of $120 per month and pay his medical, hospital and dental bills. The property settlement agreement was incorporated in the divorce decree.

On April 14, 1976, respondent wife filed her petition for modification of the divorce decree in the District Court, seeking to have

the child maintenance payments increased from $120 per month to $220 per month. Appellant husband counter-petitioned for custody of the minor child. Testimony was had before the District Court on April 22, 1976, and the matter of custody and support was referred to the Cascade County Court of Conciliation. Judge R. J. Nelson, who had been presiding in the case, retired before decision was rendered on December 31, 1976. Judge H. William Coder took over the case as of January 1, 1977. Both parties stipulated in the District Court that the matte could be submitted to the court on the record already made. The Court of Conciliation had filed its confidential report on November 6, 1976.

In an order dated April 5, 1977, the presiding judge ordered support payments increased to $220 per month beginning April 1977, and denied the husband's counter-petition for custody. On April 22, 1977, the husband moved the District Court to set aside its findings, setting out grounds, among others, that "there was no evidence considered by the court which would render the divorce decree on file dated October 27, 1972, unconscionable and therefore no basis for modifying said divorce decree". The motion requested the court to set aside its order of April 5, 1977. On August 31, 1977, the District Court entered its order saying the matter had been held in abeyance, that the court had fully considered the matter, and that the court's order of April 5, 1977, was reinstated.

Apart from the increase in child maintenance payments, the order of April 5, 1977 also awards attorney fees of $250 and $4.50 costs to the wife. Except for those changes, the original divorce decree remains in full force and effect as to all other particulars. Appellant does not appeal from that portion of the District Court order denying custody to the father. He bases his appeal upon the contention that the trial court abused its discretion in modifying the divorce decree to increase the child support payments when there was no showing or finding of a change of circumstances so substantial and continuing as to make the terms unconscionable within the meaning of section 48-330(1)(a), R.C.M.1947. In support thereof appellant contends (a) respondent wife made no show-

ing of change of circumstances at the modification hearing, (b) the court made no such finding when increasing the support order, and (c) the prior order setting child maintenance at $120 per month is not unconscionable.

The divorce decree occurred before, and the petition for modification was filed after, passage of the Uniform Marriage and Divorce Act, Chapter 536, Laws of 1975. Jurisdiction to entertain the petition for modification is found in section 48-341(3), R.C.M. 1947.

The transcript of the April 22, 1976 hearing on the petition for modification is skimpy in detail concerning the financial situation of the parties at the time of the hearing and at the time of the divorce. This is so because at the outset of the hearing the presiding judge announced that the matters of custody and support would be referred to the Cascade County Court of Conciliation for a report. Counsel for both parties not only did not object to this procedure, but seemed to join in the court's wish for such a report.

The transcript of the April 22, 1976 hearing does reveal, however, that the respondent is a housewife who works part-time as a legal secretary and that her gross earnings for the year prior to the hearing amounted to $2,515. Additionally, she received the support payments of $120 per month from the husband and social security payments by virtue of the presence in her home of a daughter by a previous marriage whose father was deceased. The social security payments, however, would have terminated a year from the hearing date. The total income of the wife for the year prior to the hearing was $4,500 to support herself and her family, including the minor son of the parties.

The testimony of the husband, on the other hand, revealed that he had remarried since the last divorce from respondent. He is the owner of a garbage disposal service in Great Falls and his average income for the previous four years was net $26,800. He owns a home valued at $86,000. He estimated that his yearly income, excluding his present wife's income, would amount to $20,000.

The report of the Court of Conciliation, to which the matter was

then referred by the District Court, is a part of the District Court file, but is confidential. The wife submitted to the Court of Conciliation a full report of her assets, income and monthly expenses. Substantially, it is the same as her testimony except that it is reported that she owns a home on which the purchase price is approximately $32,000 and for which she owed approximately $23,000 at the time of the report. The husband did not wish to submit his financial statement to the Court of Conciliation. This was not out of obstinacy, but rather due to his desire not to have spread upon the public record the financial structure and operation of his garbage contracting business. The husband, therefore, authorized his attorney to write a letter to the Court of Conciliation advising what his financial situation was in rather general terms. There it is revealed that the net annual income of the husband for the year preceding the petition for modification was substantially in excess of the figure to which he testified at the hearing. We will honor his wish for confidentiality by not setting forth here the amount of such net annual income. It is enough to say that based upon such income, his payments of $120 per month to the wife for maintenance of the minor child is so insufficient as to be unconscionable, almost as a matter of law. The figure given to the Court of Conciliation did not include the income of his present wife. It also appears the husband has no children by his present wife.

It has long been the rule of this Court that on appeal we will not put a District Court in error for a ruling or procedure in which the appellant acquiesced, participated, or to which appellant made no objection. *Harris v. Lloyd*, (1891), 11 Mont. 390, 28 P. 736; *Dieruf v. Gollaher*, (1971), 156 Mont. 440, 481 P.2d 322; *Johnson v. Green*, (1969), 153 Mont. 251, 456 P.2d 290. It has further been the rule of this Court that we will not reverse or remand a matter to the District Court when the eventual result in the District Court must be the same. *John v. Northern Pacific Ry. Co.*, (1910), 42 Mont. 18, 111 P. 632.

Here, we have a case in which the matter of child support was referred to the Court of Conciliation with the agreement and

acquiescence of appellant. The report of the Court of Conciliation became a part of the District Court file without objection from appellant. It was appellant who preferred not to divulge the structure and character of his financial operations, and in order to make findings the District Court would have had to violate that wish for confidentiality. Although this may have not been the motivating factor in the District Court's ruling, we find from the record that on January 26, 1977, counsel for wife requested a hearing on the report of the Court of Conciliation; hearing was held thereon on February 24, 1977; on April 5, 1977, the court entered its order reversing the child maintenance payments; on April 22, 1977, husband's counsel filed his motion excepting to the modification. Hearing was had on such motion on April 28, 1977, and the court then ordered a transcript of the hearing before Judge Nelson which had been held on April 22, 1976. The court ordered the modification be held in abeyance while he studied the record. On August 31, 1977, the court reinstated the modification. In appellant's motion excepting to the modification, he did not set out as a ground that the court had failed to make *findings.* Rather, appellant contended there was *no evidence* considered by the court which would make the child maintenance payment required under the original decree unconscionable.

Technically, none of the procedural rules for motions following a final order were pursued by the parties here. The District Court order dated April 5, 1977, granting modification was a final order, appealable to this Court. It was duly served by the clerk on April 6, 1977, by mail. The motion of the husband dated April 22, 1977, excepting to the April 5 order was technically a motion to amend or alter a judgment or final order and was technically filed too late. Rules 59(b), 59(e), M.R.Civ.P. Technically, the time for decision on the exception expired 15 days after the hearing date (April 28, 1977) and the time for appeal ran from that date, but we assume that it was understood by counsel for both parties that the matter was not to be deemed submitted until the court had received the transcript which it ordered. All of this background is indicative

of an agreement between the court and counsel that the court would consider the record in full, and then, having been advised in full, it would enter its final order. This the District Court did on August 31, 1977.

The same comes before this Court then, not as one in which the District Court failed to make findings as required by Rule 52(a), M.R.Civ.P., but as one in which the appellant argues the District Court considered no evidence which would render the original provision for child maintenance payments unconscionable. On that ground the order of the District Court must be affirmed. We must view the evidence in the light most favorable to the prevailing party. *Hellickson v. Barrett Mobile Home Transport, Inc.*, (1973), 161 Mont. 455, 507 P.2d 523; *Olson v. Westfork Properties, Inc.*, (1976), 171 Mont. 154, 557 P.2d 821.

The command of section 48-330, R.C.M.1947, is that the District Court, to justify modification of maintenance payments, must find a showing of changed circumstances so substantial and continuing as to make the terms of the original decree unconscionable. Here, the evidence showed the wife worked about ten months a year and earned for herself about $2,515 in the year prior to the hearing. She had invested the monies she received from the property settlement in a home and still owed approximately $23,000 on that home. At the time of the hearing she owed $1,350 in various debts. She has sold some of her jewelry to make ends meet.

On the other hand, whereas at the time of the decree the husband was earning approximately $20,000 per year, his counsel revealed that he now makes much more than that sum. He has only one child to support and is currently paying $120 per month for that son. True, he is generous to the child in gifts, and he has fulfilled his duty to take care of the medical and dental bills of his son. He has built a new home valued at $86,000 and his garbage disposal business is established and in seemingly solid financial position. These facts make it seem to us unconscionable that he be required only to pay the sum of $120 per month for his son's support. The sum of $220 per month is well within his financial capability.

Counsel for appellant has asked that we attempt in this case to define the word "unconscionable", used in section 48-330, R.C.M.1947, and cites definitions in *Carlson v. Hamilton*, (1958), 8 Utah 2d 272, 332 P.2d 989, and in *Hume v. United States*, (1889), 132 U.S. 406, 10 S.Ct. 134, 33 L.Ed. 393, as examples. This we decline to do. We will follow the policy of determining on a case to case basis, from the underlying facts, whether the evidence is sufficient to be unconscionable. We thereby avoid the possibility of adopting too harsh a standard on one hand, and too lenient a standard on the other, which later might circumvent the policy of the legislature in adopting the provisions of section 48-330. We limit ourselves to saying that in this case, the underlying evidence is sufficient to support the decision of the District Court that a modification was proper. In other words, a payment of $120 per month for child support of a 15 year old boy, in the circumstances revealed here, is unconscionable. While we do not define "unconscionable", we know when we are shocked.

The order of modification entered by the District Court on August 31, 1977, is affirmed. The District Court allowed attorney fees to the wife in the sum of $250 plus costs for the District Court action. We award further attorney fees on appeal to the wife in the sum of $350, plus appeal costs as usual.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, HARRISON and SHEA concur.