No. 81-21

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

GLEN M. NICOLAI,

Petitioner and Appellant,

-vs-

WENDY S. NICOLAI,

Respondent and Respondent.

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade, The Honorable
Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellant:

Murphy & Curtis, Choteau, Montana

For Respondent:

Pedersen, Herndon, Harper & Munro, Billings, Montana

Submitted on Briefs: May 1, 1981

Decided: July 16, 1981

Filed: JUL 16 1981

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal by the husband, Glen Nicolai, from an order of the District Court, Eighth District, Cascade County, awarding the former wife, Wendy S. Nicolai, an increase in child support payments for each of two minor children from the $125 originally decreed, to $175 per month.

The parties were married on September 12, 1964, in Great Falls, Montana. Two children were born as issue of the marriage, namely, Paul J., now 14 years old and Christine M., now 12 years old. A decree of divorce was granted the husband on October 25, 1973. The decree incorporated a property settlement agreement which included among its provisions child support for each minor child at the rate of $100 per month until February 1, 1974, and thereafter the sum of $125 per month. The custody of the children was given to Wendy.

Wendy retained the legal and physical custody of the two minor children from the divorce until March 1, 1975, and Glen paid the child support payments during that time. On March 1, 1975, by an agreement never made formal by a modification of the divorce decree, Glen got physical custody of the minor children. On June 7, 1980, the two children returned to Billings to live with Wendy. The change of physical custody was originally intended to be a summer visit by the children with their mother. Glen first learned that the children intended to remain permanently with Wendy when she filed her motion to increase the child support on August 8, 1980. Between March 1, 1975, and June 7, 1980, Glen provided all the support for the two children.

Glen does not dispute the physical custody of the children now with Wendy so the District Court made no modification of the original decree. It simply maintained its original decree that physical custody be with the mother. The sole issue for determination on this appeal is the propriety of the increased amounts of child support ordered by the District Court in modifying the original divorce decree.

The issues raised by Glen on appeal are that the District Court should have granted his motion to dismiss the proceedings to modify the decree at the close of Wendy's case; and, that it was an abuse of discretion of the District Court to increase the child support payments because of a lack of substantial evidence supporting such modification.

Wendy was the only witness called in her case in chief. At the close of her testimony, her counsel rested. Glen's counsel made a motion under Rule 41(b), M.R.Civ.P., for dismissal upon the ground that Wendy had failed to make a showing of changed circumstances so substantial and continuing as to make the terms of the child support previously granted unconscionable. Section 40-4-208(2)(b)(i), MCA. After an extended discussion between the court and counsel as to the merits of the motion, the court denied Glen's motion for dismissal. On appeal, Glen contends that his motion should have been granted by the District Court.

The duty of the District Court, when faced with a motion for dismissal on grounds that upon the facts proved, Wendy had shown no right to relief, appears to be permissive. (". . . The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence

-3-

. . ." Rule 41(b), M.R.Civ.P.)  In any event, the denial by a district judge of a motion under Rule 41(b) at the close of the first party's evidence is not reviewable on appeal if, instead of relying on his motion, the movant goes on to present evidence.  In Wealden Corporation v. Schwey (5th Cir. 1973), 482 F.2d 550, 552, the Court stated:

> "If defendants wished to challenge this decision, their avenue for doing so was to refuse to offer their evidence, accept a judgment for plaintiffs, and appeal it on the ground that plaintiffs' evidence was insufficient.  Instead they chose to proceed to their case and offer evidence, waiving the right to appeal any error in the trial court's overruling of their 41(b) motion."

In this case, Glen, after denial of his Rule 41(b) motion, proceeded to offer evidence in his case in chief.  He thereby waived any right of appeal as to the denial of his motion to dismiss.

The remaining issue is whether there exists substantial evidence in the record to support the increased child support payments ordered by the District Court.  Glen's argument on this issue is four-fold:  1)  the evidence did not develop the "baseline" of circumstances of the parties at the time of the original decree in full; 2) errors and speculation exist in the court's calculation of the current circumstances of the parties; 3) no specific needs of the children for increased support are found; and, 4) the court's findings with respect to Glen's financial condition are at variance with the court's finding of an increased ability on the part of Glen to pay.  On those four factors, Glen claims an abuse of discretion.

The record, viewed in a light most favorable to Wendy, shows these facts:

Wendy is presently unmarried and resides in a Billings rental unit.  She has been employed as a manager of Lomas

and Nettleton since January 2, 1979. From 1975 (there is no evidence of her earnings in 1974) until 1980, her earnings increased, somewhat arithmetically, from $4,171.61 to a gross earning of $10,788.10 in 1979 and an anticipated $11,200 in 1980. She has had custody of the children since June 7, 1980, and from that time until the time of the trial, her exhibits showed monthly expenses of $828 and total monthly payments on long-term debts and charge accounts of $278. Her total monthly expenditures, therefore, were approximately $1,106 and her take home monthly salary at that time was $752, leaving a monthly deficit of approximately $354.

Glen did not pay any child support to Wendy during the time she had custody of the children prior to the trial. Wendy received cash gifts from her parents to support herself and her children of between $700 and $800, and a loan of $1,500 from her brother to acquire furniture, clothes, and other items. Her rental payment for the duplex in which she lives is $295 per month.

Glen is a certified public accountant residing in Great Falls who remarried shortly after the divorce decree was granted. His present wife has two children from a prior marriage. Glen is self-employed, and has one employee, plus his wife, who works fulltime for him as a secretary without pay. At the time of the divorce in 1973, Glen was earning approximately $800 per month net. No evidence was presented either by Glen or by Wendy as to his earnings from 1974 through 1978. His 1979 income was approximately $1,333 per month net and his estimated 1980 income was $1,500 net per month. He has an equity in his Great Falls family residence of $14,000 and has applied for a Small Business Administration

-5-

loan of $29,000 with which he will consolidate debts and expand his business.

During the time that Glen had custody of the children, Wendy suffered from alcoholism, for which she was treated in Billings in 1977. Since that time, she has had nothing to drink. One of the factors in allowing Glen to have custody of the children in 1975, without a formal modification of the divorce decree, was the fact that Glen had remarried and could better provide for them at the time.

It is substantially upon this record that the court concluded that the expenses of providing for the needs of the two children have increased substantially since the time of the divorce in October 1973, and that expenses will continue to increase. The court also found that the income of the husband had increased substantially since the parties' divorce in 1973. The District Court made no mention of the apparent increase in Wendy's income, but found as a matter of fact that her income was completely eaten up by her expenses in reassuming custody of the children and that she was running at a deficit of $354 per month. The court found that the terms of the original decree relating to the amount of child support were unconscionable under the circumstances and granted the increase of $50 per month for each of the children, entitling the mother to receive $175 for each child until they reach majority age. See, Green v. Green (1978), 176 Mont. 532, 539, 579 P.2d 1235, 1239.

The facts are close, but when so, there are appellate rules which bind us. Findings of a District Court may not be set aside unless they are clearly erroneous. Rule 52(a), M.R.Civ.P. We said in Cameron v. Cameron (1978), ___ Mont. ___, 587 P.2d 939, 945, 35 St.Rep. 1723, 1729:

> "We will not substitute our judgment for that of the trier of fact, but rather will only consider whether substantial credible evidence supports the findings and conclusions. Those findings will not be overturned by this Court unless there is a clear preponderance of the evidence against them. We will view the evidence in a light most favorable to the prevailing party, recognizing that substantial evidence may be weak or conflicting with other evidence, yet still support the findings."

Because substantial credible evidence, though perhaps conflicting, exists here, and because we do not find that the District Court was clearly erroneous in awarding the increased child support payments, we affirm the judgment.

_____
                    Justice

We Concur:

_____
Chief Justice

_____

_____

_____
           Justices

-7-