No. 83-08

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

IN RE THE MARRIAGE OF
CINDY LUELLA McNEFF,

Petitioner and Respondent,

and

TIMOTHY RAY McNEFF,

Respondent and Appellant.

_____

Appeal from:   District Court of the Nineteenth Judicial District,
               In and for the County of Lincoln
               Honorable Robert M. Holter, Judge presiding

Counsel of Record:

        For Appellant:

            Donald L. Shaffer, Libby, Montana

        For Respondent:

            Sverdrup & Spencer, Libby, Montana
            Scott B. Spencer, Libby, Montana

_____

                        Submitted on briefs· September 2, 1983

                                Decided:  December 22, 1983

Filed:      DEC 22 1983

_____
                                Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal is taken from a judgment modifying the support provisions of a 1980 decree dissolving the marriage of the parties. Appellant objects to the District Court raising the amount owed for support of the minor children of which respondent has custody.

Cindy Luella McNeff (hereinafter Mother) and Timothy Ray McNeff (hereinafter Father) were married on June 22, 1972, in Laramie, Wyoming. Two children were born of this marriage; Trevor Ray McNeff, now 10 years of age, and Camron Zack McNeff, now 4 years of age. The marriage was dissolved on July 28, 1980. Pursuant to the decree of dissolution, Mother was granted custody of the children and Father was given specific visitation rights. Mother did not have visitation rights during two months in the summer. Father was ordered to pay all debts of the marriage, all medical expenses of the children and $100 per month per child to Mother for their support. The total debt incurred during the course of the marriage was over $32,000.

Two years later on July 29, 1982, Mother petitioned the District Court for modification of visitation rights and support payments. After a hearing held before Judge Robert M. Holter, judgment was entered granting the relief requested. The visitation rights of Mother during the summer were provided for. Father's support obligation was raised from $100 per month per child to $175 per month, but Father was relieved from the obligation for the two months he has custody. From that judgment this appeal is taken.

The sole issue raised by Father is whether the facts of the case show a change of circumstances so substantial and continuing as to make the amount of support payments set forth in the 1980 decree of dissolution unconscionable and allow the District Court to modify those terms.

Father properly sets forth the threshold which must be met. In absence of a written agreement, a modification of the child support terms in a decree of dissolution may only be ordered, "[U]pon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." Section 40-4-208(2)(b)(i), MCA. As there was no written agreement between the parties, we submit the facts to this statutory test.

The facts of the case are relatively uncontested. Father must show that those facts clearly preponderate against the District Court's ruling to gain reversal. Reynolds v. Reynolds (Mont. 1983), 660 P.2d 90, 40 St.Rep. 321. That preponderance of evidence is necessary to overcome the presumption that the judgment of the District Court is correct. Jensen v. Jensen (1979) 182 Mont. 472, 597 P.2d 733. In addition, this Court views all the evidence in a light most favorable to the prevailing party. Nicolai v. Nicolai (Mont. 1981), 631 P.2d 300, 38 St.Rep. 1100.

The testimony elicited at the District Court hearing showed that Mother had been employed when the decree of dissolution was entered, but was unemployed when she filed the petiton for modification. At the date of the hearing she was temporarily employed, but her job was to terminate in approximately two months. Mother's new husband was

providing most of the support for the children, as well as making support payments of his own. She testified that even with help from her new husband's income, the $100 per month payments for each child is insufficient to properly care for the children. And as she stated during the hearing, "[I]t costs a lot [more] to buy a bag of groceries now than it did two years ago."

Father testified that his net pay was between $1100 and $1200 per month. Under the terms of the decree he was liable for all debts of the marriage; that amount originally was over $32,000 and in the two years since the dissolution was granted it had been reduced by over $11,000. Included in this debt were payments for medical bills for the children, a house trailer in which he now resides, and a pickup which Mother was given in the decree. Father testified that the low support payments set forth in the decree were in exchange for his assuming all the debts of the marriage. He further testified that he owes approximately $5,000 more to his parents which should be included in the marital debt. Father has not remarried.

This Court has refused to define the term unconscionable as it is used in Section 40-4-208, MCA. Green v. Green (1978), 176 Mont. 532, 579 P.2d 1235. Its interpretation must be made on a case by case basis after scrutinizing the underlying facts. Green, 176 Mont. at 539, 579 P.2d at 1238-1239. However, that interpretation must begin with an objective standard. That standard is found in the basic purpose behind support payments and how that purpose is to be achieved. The purpose of ordering child support payments is to "[M]ake reasonable provision(s) for

spouse and minor children during and after litigation . . ."
Section 40-4-101(4), MCA. "Child support must reflect a
balance among the needs of the parties involved and the
ability of the parents to pay." Rome v. Rome (Mont. 1981),
621 P.2d 1090 at 1092, 38 St.Rep. 50 at 52. Thus the
determination of what is unconscionable is made by reference
to the relative position of the parties, and how close to
this balance the present arrangement is.

The District Court found on the facts presented that
the existing arrangement was unconscionable and we agree.
As the presiding judge noted, it is very difficult to
support a child on $100 per month. It became considerably
more difficult when Mother lost her job. It appears from
the transcript that the judge did not feel the proper
balance had been struck in the original decree, and when
Mother lost her job the balance shifted heavily toward
unconscionability. Father contends that Mother simply
losing her job is an insufficient change in circumstances to
allow modification under the statute. However, again this
change must be analyzed in light of the prevailing facts.
Here neither party is bathed in riches, and when the already
small amount available for the children's support is reduced
by even the slightest amount, it has great impact. The
District Court was entirely justified in finding that the
changed circumstances made the amount of support payments
unconscionable, and Father has failed to persuade us
otherwise.

We find that a preponderance of the evidence supports
the District Court's ruling and so hold.

Affirmed.

_____
    Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices