No. 90-050

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF

JODI RAE HALL,

     Petitioner and Appellant,

  and

ROBERT WALKER HALL,

     Respondent and Respondent.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Carbon,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Gary R. Thomas, Thomas Law Office, Red Lodge, Montana

     For Respondent:

          Kent E. Young, Red Lodge, Montana

Submitted on Briefs: August 9, 1990

Decided: September 11, 1990

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court

Jodi Rae Hall (now Jodi Rae Bangart) appeals the decision made by the Thirteenth Judicial Court, Carbon County, which denied her Petition for Income Deduction, denied a retroactive child support increase for 1987, modified her requests for retroactive child support increases for 1988 and 1989, and modified her award of attorney fees. We affirm in part, and reverse and remand in part.

Appellant raises the following issues:

1. Did the District Court err in denying appellant's Petition for Income Deduction?

2. Did the District Court err in determining that retroactive child support increases should be effective January 1, 1988, rather than January 1, 1987?

3. Did the District Court err in determining 1988 child support to be $235.00 per month and 1989 child support to be $255.00 per month?

4. Did the District Court err in awarding the appellant's attorney fees of $1,125.00?

Jodi Rae Hall and Robert Walker Hall were divorced on August 3, 1981, following a five-year marriage. One child, Shawn David Hall, was born during the marriage on August 7, 1976.

The parties' Custody, Support and Property Settlement Agreement (hereinafter Agreement), which was incorporated into the Final Decree, granted Jodi sole custody of Shawn and granted Robert reasonable visitation rights to Shawn. Additionally, the Agreement

called for Robert to pay Jodi monthly child support payments of $175.00, and specified that if either party initiated court proceedings concerning this Agreement, the unsuccessful party would pay the prevailing party's attorney fees.

In 1986, when Robert was seriously in arrears with his child support payments, Jodi moved the District Court for a show cause hearing, requesting the court to hold Robert in contempt for failing to pay child support as specified in the Agreement. Robert and Jodi, in a Stipulation approved by an Order filed on January 7, 1987, agreed, among other things, to the following: 1) Robert owed Jodi $3,357.20 in delinquent child support payments, 2) Robert owed Jodi $290.74 for Jodi's attorney fees and costs, 3) Robert would increase his monthly child support payment from $175.00 to $200.00 effective November 1, 1986, 4) Robert would pay Jodi $35.00 monthly toward the delinquent child support arrearage until paid, 5) Robert would pay Jodi's attorney $35.00 monthly toward the above mentioned attorney fees and costs until paid, 6) Jodi would be responsible for Shawn's health insurance, 7) if Robert's income increased, the above payments would be renegotiated, 8) Robert must provide Jodi with an annual sworn statement, beginning every January 1st, hereafter, as to his total monthly income, and 9) if Robert or Jodi were to initiate a court action with regard to this agreement, the unsuccessful party would pay the prevailing party's attorney fees.

In June, 1987, Robert and Jodi orally modified the Stipulation and Order. Robert and Jodi, however, disagree as to the terms of the oral modification. In any event, Robert decreased his monthly child support payment beginning in June, 1987, from $200.00 to $180.00, which resulted in total payments to Jodi of $215.00, $180.00 for child support payment and $35.00 toward the delinquent child support payment.

Beginning January 1, 1987, to the present, Robert failed to provide Jodi with annual sworn statements of his monthly income, which Robert agreed to provide by the terms of the Stipulation and Order. Through this same time period, however, Robert consistently paid Jodi $215.00 a month, $180.00 for child support and $35.00 toward the pre-1987 child support delinquency. Two years later, on June 15, 1989, Jodi filed a Petition for Income Deduction, a Motion to Increase Support, a Motion for Order to Show Cause, and on November 3, 1989, a Motion for Attorney's Fees.

On December 11, 1989, the District Court: 1) denied Jodi's Petition for Income Deduction because Jodi failed to prove by a preponderance of the evidence that Robert was three months in arrears in child support payments as specified in § 40-5-304, MCA, and the 1989 amendments to § 40-5-204, MCA, which provide for an exception to the three-month delinquency requirement for income deduction, was not applicable here because the statute's effective date was January 1, 1990, 2) granted in part and denied in part Jodi's Motion to Increase Child Support, with the court taking into

4

consideration Robert's children from a subsequent marriage, and 3) granted in part and denied in part Jodi's motion for attorney fees based upon her partial success of this court action. From these decisions, Jodi appeals.

1. Did the District Court err in denying appellant's Petition for Income Deduction?

In her Petition for Income Deduction, Jodi requested that Robert be subject to withholding of his income regarding his child support payments, based upon his still outstanding pre-1987 delinquent child support obligation and the disputed child support payments following the June, 1987 oral agreement, under § 40-5-301, et. seq., MCA. Income deduction, however, is allowed only when payments are considered delinquent. Section 40-5-304, MCA, provides:

> Nonpayment of child support required by any order of a district court or by a similar order of a court of another jurisdiction becomes delinquent under this part when the amount owed is equal to 3 months of child support payments.

The District Court found that Jodi did not prove that Robert was delinquent in an amount equal to three months of child support payments because of the intervening January 7, 1987 Stipulation and Order, which dealt with the pre-1987 delinquency and altered the 1981 Agreement. Additionally, because the terms of the 1987 oral agreement are disputed and the agreed upon amount of Robert's child support payment is unclear, the District Court held that Jodi

5

did not prove by a preponderance of the evidence that Robert was delinquent in an amount equal to three months of child support with regard to any child support payments due after June, 1987.

Jodi, however, argues that it does not matter whether Robert was delinquent in an amount equal to three months of child support under the January 7, 1987 Stipulation and Order, and the 1987 oral agreement; it matters only that Robert was over three months delinquent under the 1981 Agreement. We disagree and hold that Robert is not delinquent in an amount equal to three months in his child support obligation because of the intervening January 7, 1987 Stipulation and Order, as well as the 1987 oral agreement, both of which altered the terms of the 1981 Agreement. To hold otherwise would result in repeated litigation with regard to modification of agreements, stipulated and approved by court order, and executed oral agreements.

Jodi further argues that even if Robert is not determined to be three months delinquent in child support payments, Robert is still subject to income deduction because of the 1989 amendments to § 40-4-204, MCA, which provide for automatic withholding of child support payments with regard to modifications of existing child support agreements. See § 40-4-204(5), MCA.

The District Court held that these 1989 amendments to § 40-4-204, MCA, were inapplicable to the facts of this case because the amendments' effective date was January 1, 1990, nearly one month after the final decision in this matter. Jodi, however,

6

argues that the 1989 amendments are applicable because their effective date was October 1, 1989.

The District Court relied on opinion letters issued by the Department of Social and Rehabilitation Services and the Montana Legislative Council when it found that the effective date was January 1, 1990. These letters, which have no legal effect, state that the drafters of the 1989 amendments intended the effective date to be January 1, 1990, in order to allow the Child Support Enforcement Division time to plan and prepare the collection process. The opinion letters cite § 40-5-411(1)(a), MCA, to support their position, which provides that January 1, 1990, is the effective date with regard to the 1989 amendments.

However, § 40-5-411(1)(a) specifically excepts § 40-4-204, MCA, from this effective date of January 1, 1990. Additionally, the enabling legislation of the 1989 amendments, Laws of Montana, Ch. 702, § 32 (1989) provides:

> Applicability. [This act] applies to child support orders and modifications of child support orders issued after September 30, 1989.

Therefore, we hold that the effective date for the 1989 amendments of § 40-4-204, MCA, was October 1, 1989. Here, because the District Court's Memorandum and Order on Income Deduction, Child Support and Attorney's Fees was dated December 7, 1989 and filed December 11, 1989, the 1989 amendments of § 40-4-204 are applicable, and Robert is subject to automatic income withholding.

7

Robert further argues that if the 1989 amendment applies, he falls within the exception provided in § 40-4-204(5)(b)(i), MCA:

> (b) Income is not subject to automatic withholding if:
>
> (i) the obligee or obligor demonstrates and the court finds that there is good cause not to require automatic income withholding
> . . . .

Robert asserts that since the 1987 oral agreement, he has consistently paid $180.00 monthly child support payments to Jodi, and this constitutes good cause not to require automatic withholding. We disagree. Because the amount agreed upon in the 1987 oral agreement is disputed by the parties and the District Court did not determine the amount, Robert's consistent monthly payment of $180.00 does not constitute good cause not to require automatic income withholding. We therefore reverse the District Court's Order Denying Income Deduction, and remand this case for proceedings consistent with this opinion.

2. Did the District Court err in determining that retroactive child support increases should be effective January 1, 1988, rather than January 1, 1987?

In her Motion to Increase Child Support, Jodi's request included a retroactive increase in child support for 1987, based upon the Guidelines for Determining Child Support and Robert's increased income for those years. The District Court denied the retroactive increase in child support for 1987, finding that the

8

first modification in child support should be considered as of January 1, 1988, because of the January 7, 1987 Stipulation and Order. In the January 7, 1987 Stipulation and Order, Robert agreed to increase his child support and included Robert's then current income based on his December, 1986 earnings. The District Court held that it was not a material breach of the January 7, 1987 Stipulation and Order for Robert to fail to report his monthly earnings on January 1, 1987, because he had just reported his earnings the previous month and had just renegotiated his child support payment based on those earnings.

We agree with the District Court's reasoning and hold that the court properly denied Jodi's request for a retroactive child support increase for 1987. There remains, however, an unresolved issue regarding the child support payments from June, 1987 through December, 1987. The June, 1987 oral agreement modified the amount of child support, but Jodi and Robert disagree as to the agreed upon amount. The District Court failed to determine this amount. We therefore remand this case to the District Court to determine the modified amount of child support under the 1987 oral agreement, which will affect the child support payments from June, 1987 through December, 1987.

3. Did the District Court err in determining 1988 child support to be $235.00 per month and 1989 child support to be $255.00 per month?

Jodi additionally requested retroactive increases in child support for 1988 and 1989 in her Motion to Increase Child Support, based on the Guidelines for Determining Child Support and Robert's income for these years. According to Jodi's calculations, Robert should have paid $337.84 a month in 1988, and $386.12 a month in 1989. The District Court modified Jodi's request, taking into consideration the fact that Robert had remarried following his divorce from Jodi and had two subsequent children to support. Based on this consideration, the District Court modified Jodi's request, and increased Robert's child support to $235.00 a month for 1988 and $255.00 a month for 1989. Considering subsequent children when determining an increase in child support contradicts Part 13 of the Guidelines for Determining Child Support (Guidelines):

> when this guide is being used to reevaluate a prior child support order for modification, the position is taken that the parent's prior child support obligations have absolute precedence over the needs of a new family.

Jodi argues that the District Court abused its discretion when it did not apply Part 13 of the Guidelines and considered Robert's subsequent children when determining Robert's increase in child support.

Section 40-4-204(3)(a) and (b), MCA, provides:

> (a) Whenever a court issues or modifies an order concerning child support, the court shall determine the child support obligation by applying the standards in this section and the uniform child support guidelines adopted by the department of social and rehabilitation

10

services pursuant to 40-5-209, unless the court finds by clear and convincing evidence that the application of the standards and guidelines is unjust to the child or to any of the parties or is inappropriate in that particular case.

(b) If the court does not apply these standards and guidelines to determine child support, it shall state its reasons for finding that the application of such standards and guidelines is unjust to the child or a party or is inappropriate in that particular case.

Hence, a court is not bound to apply the Guidelines if the court, by clear and convincing evidence, finds that the application of the Guidelines would have an unjust result to the parties or siblings. See also, In Re the Marriage of McFarland (Mont. 1989), 783 P.2d 409, 412, 46 St.Rep. 2060, 2064. Here, the District Court found that "common sense and equity" demanded the consideration of Robert's two subsequent children whom he must also support. Clearly the District Court did not apply the Guidelines to avoid an unjust result. Accordingly, we hold that the District Court did not abuse its discretion in considering Robert's subsequent children, when it modified Jodi's request for a retroactive increase in child support for 1987 and 1988.

4. Did the District Court err in awarding the appellant's attorney fees of $1,125.00?

In Jodi's Motion for Attorney's Fees, Jodi requested reasonable attorney fees in the sum of $3,953.22 with regard to this action. This sum was later reduced to $3,620.72 due to errors in

11

fee calculations. Both the 1981 Agreement and the January 7, 1987 Stipulation and Order provide that if either Jodi or Robert initiate proceedings with regard to the 1981 Agreement or Stipulation and Order, the unsuccessful party will be responsible for the attorney fees of the successful party. Additionally, § 40-4-110, MCA, provides that the court:

> may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under chapters 1 and 4 of this title and for attorney's fees . . . .

The District Court modified Jodi's request for attorney fees, based upon Jodi's success in this matter and § 40-4-110, MCA, and awarded her costs and expenses of $264.87 and attorney fees of $1,125.00. Jodi argues that the District Court abused its discretion when it modified her request for attorney fees.

When reviewing a district court's award of attorney fees, this Court determines whether substantial evidence supports the district court's findings. In Re the Marriage of Brown (1978), 179 Mont. 417, 427, 587 P.2d 361, 367 (citations omitted). Here, we hold that, based upon the 1981 Agreement and the 1987 Stipulation and Order, along with § 40-4-110, MCA, the District Court did not abuse its discretion when it modified Jodi's award of attorney fees.

Affirmed in part, and reversed and remanded in part.

_____
Chief Justice

12

We concur:

_John Conway Harrison_

_John C. Sheehy_

_[signature]_

_William E. Hunt Sr_
Justices