No. 93-410

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

JANET H. BARNARD,

      Petitioner and Appellant,

  and

TIMOTHY BARNARD,

      Respondent and Respondent.

FILED

MAR 1 0 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Jennifer Bordy, Attorney at Law,
          Bozeman, Montana

      For Respondent:

          James H Goetz and Richard J. Dolan,
          Goetz, Madden & Dunn, Bozeman, Montana

Submitted on Briefs:  January 20, 1994

Decided:  March 10, 1994

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Janet Barnard moved the District Court for the Eighteenth Judicial District in Gallatin County to modify the amount of child support provided for in its prior decree which dissolved her marriage to Timothy Barnard. The District Court denied her motion. She appeals from that order. We affirm the District Court.

Janet raises numerous issues on appeal. However, because of our resolution of the first issue, it is not necessary that they all be discussed. Therefore, we restate the dispositive issues on appeal as follows:

1. Did the District Court abuse its discretion when it concluded that the original award of child support was not unconscionable?

2. Did the District Court err when it concluded that the Montana Child Support Guidelines did not apply?

3. Did the District Court err when it refused to award attorney fees to appellant?

### FACTUAL BACKGROUND

Janet and Timothy were married on July 5, 1980. Their daughter Shanon was born on June 9, 1981. The parties' marriage was dissolved on May 27, 1987, by a decree which incorporated a custody, support, and property settlement agreement. The joint custody arrangement provided that Shanon would reside 50 percent of the time with each parent. The parties also agreed that Timothy would pay child support in the amount of $400 per month from June 1985 through June 1989; $425 per month from July 1989 through

2

June 1993; and $475 per month from July 1993 until Shanon reached the age of 18. In addition, Timothy was to maintain major medical and hospital insurance for Shanon's benefit and agreed to pay for all dental, medical, and hospital bills not covered by insurance. Timothy was obligated to maintain life insurance for Shanon's benefit in the amount of $75,000, and the parties agreed to share the costs of Shanon's extracurricular activities.

From the marital property, Timothy received the family home valued at $250,000, along with the obligation for its mortgage. Janet received jewelry, furniture from the home, and $55,000 in cash. Additionally, Janet received $1,000 from Timothy to pay her attorney fees. She received no award of maintenance.

On May 27, 1992, Janet filed a motion to modify Timothy's child support obligation. She alleged that, from the time of the dissolution, her financial ability to provide for her daughter's needs had decreased, while Timothy's financial situation had greatly improved through the success of his construction company, Barnard Construction. After two days of testimony, the District Court issued its findings of fact, conclusions of law, and memorandum and order on May 21, 1993, and denied Janet's motion for modification of child support and request for attorney's fees.

## STANDARD OF REVIEW

The standard of review for findings of fact in child support modification cases is whether the district court abused its discretion. *In re Marriage of Durbin* (1992), 251 Mont. 51, 55, 823 P.2d 243, 245. We review conclusions of law to determine whether the

3

district court's interpretation of the law was correct. *In Re Marriage of Burris* (1993), 258 Mont. 265, 269, 852 P.2d 616, 619. When a district court engages in conscionability determinations, the result is neither a pure finding of fact nor a pure legal conclusion. The determination is a discretionary action, and as such, is presumed to be correct and will not be overturned by this Court absent an abuse of discretion. *See In re Marriage of Hamilton* (1992), 254 Mont. 31, 36, 835 P.2d 702, 704-05.

## ISSUE 1

Did the District Court abuse its discretion when it concluded that the original award of child support was not unconscionable?

To justify modification of the original child support award, Janet had the burden of showing changed circumstances so substantial and continuing that the terms of the original decree are now unconscionable. Section 40-4-208(2)(b), MCA.

The District Court found that "[Timothy's] income has increased substantially since his divorce from [Janet]." Janet argued that her own financial circumstances had considerably worsened. Although her financial affidavit and guideline worksheets reflect no income, Janet offered exhibits which showed that between 1985 and 1991, her monthly expenses averaged $2,600. She admitted at trial that despite having reported losses, she was able to withdraw money for her living from her tanning salon business. Thus, the District Court found that Janet had an after-tax, disposable income of $2,400 per month ($28,800 per

4

year), which did not include amounts received for child support. Although Janet protests that the court improperly imputed this income to her, we conclude that reasonable inferences from the evidence presented support the District Court's finding regarding Janet's income.

It is obvious that Timothy's financial success constitutes a change in circumstances. However, this fact, by itself, does not render the prior child support award unconscionable. In *Green v. Green* (1978), 176 Mont. 532, 579 P.2d 1235, we declined to define the word "unconscionable" for purposes of modifying child support and declared that "[w]e will follow the policy of determining on a case to case basis, from the underlying facts, whether the evidence is sufficient to be unconscionable." *Green*, 579 P.2d at 1238-39.

The Court heard extensive testimony with regard to the underlying facts in this case. Janet testified that if awarded an increase in child support, she would provide more clothes and a more comfortable home for Shanon, purchase a different vehicle, and obtain medical insurance for herself. She complained of a disparity between the home she was able to provide Shanon and Timothy's home.

The District Court found that, although there is a significant difference between the sizes of Timothy's and Janet's homes, the apartment Shanon shares with her mother is a "comfortable and adequate household for two people." It further found that the current amount Timothy pays Janet for child support is comparable

5

to the amount he himself spends on Shanon while she is in his custody, and that the total amount ($818 plus housing and transportation) approximates the standard of living Shanon would have enjoyed had the marriage not been dissolved.

Our review of the record reveals that there is no dispute that Shanon is a psychologically healthy child. There is no dispute that all of Shanon's current needs are being met under the current child support arrangement, regardless of whether she is at her mother's home or her father's home. On cross-examination, Janet acknowledged that Shanon did not need clothes; that her school needs were met; that she engaged in extracurricular activities; and that she had toys, musical equipment, television, and books. Janet could identify no physical, emotional, or material need which Shanon was going without.

We conclude that the District Court did not abuse its discretion when it found and concluded that the original child support award was not unconscionable.

### ISSUE 2

Did the District Court err when it concluded that the Montana Child Support Guidelines did not apply?

Because Janet filed her motion two months before the 1992 Uniform Child Support Guidelines became effective, the District Court informed the parties that the 1990 guidelines would govern, stating that it was "the Court's policy . . . to use the old guidelines in cases filed before the amended guidelines became effective." On appeal, Janet correctly argues that in the absence

6

of circumstances making the latest guidelines inapplicable, the District Court should have determined child support obligations according to the guidelines in effect at the time the court made its decision. *In re Marriage of D.F.D. and D.G.D* (Mont. 1993), 862 P.2d 368, 379, 50 St. Rep. 1280, 1288; *Paternity of W.L.* (1993), 259 Mont. 187, 190, 855 P.2d 521, 523 (citing *In re Marriage of Johnston* (1992), 255 Mont. 421, 843 P.2d 760 (court must state reasons for finding that the amended SRS guidelines are not applicable)).

However, we conclude that because there was no modification of the original child support award, it is irrelevant which set of guidelines would have applied.

Section 40-4-204, MCA, provides in relevant part as follows:

> Whenever a court issues or modifies an order concerning child support, the court shall determine the child support obligation by applying the standards in this section and the uniform child support guidelines adopted by the department of social and rehabilitation services pursuant to 40-5-209.

Because the District Court found that the original amount of child support was not unconscionable, it did not modify the child support and was not, therefore, required to refer to § 40-4-204, MCA. Only when the court has decided to modify an order, or when it first issues an order, does this statute apply. Otherwise, the new guidelines alone would serve as a basis for modification. As this Court recently held, however, the mere adoption of new guidelines is not a sufficient change of circumstances to justify modification of child support under § 40-4-208, MCA. *In re Marriage of Kukes* (1993), 258 Mont. 324, 852 P.2d 655.

7

Although the District Court erroneously discussed why the new child support guidelines should not apply, it nevertheless reached the correct decision. We will uphold a district court's decision, if correct, regardless of the reasons given for the result. *District No. 55 and High School District No. 55-H v. Musselshell County* (1990), 245 Mont. 525, 527, 802 P.2d 1252, 1253.

We conclude that the District Court correctly disregarded the new child support guidelines when it arrived at its decision that the original child support award was not unconscionable.

### ISSUE 3

Did the District Court err when it refused to award attorney fees to appellant?

Our standard of review of an order denying or granting a motion for attorney fees and costs is whether the district court abused its discretion. *Burris*, 852 P.2d at 620. When reviewing the discretion vested in the district court under § 40-4-110, MCA, this Court will not disturb a district court's findings on appeal if there is substantial evidence to support those findings. *In re Marriage of Hall* (1990), 244 Mont. 428, 436, 798 P.2d 117, 122.

Section 40-4-110, MCA, gives the district court discretion to award attorney fees and costs after it considers the financial resources of both parties. "[A]n award of attorney fees under this statute must be based on necessity, must be reasonable, and must be based on competent evidence." *In re Marriage of Zander* (Mont. 1993), 864 P.2d 1225, 1233, 50 St. Rep. 1522, 1527. Furthermore, it is the

8

person requesting attorney fees and costs who must make a showing of necessity. *Durbin*, 823 P.2d at 250.

After reviewing the record, we conclude that the District Court did not abuse its discretion, and therefore, affirm its decision to deny Janet's motion for attorney fees.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

9

March 10, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Jennifer Bordy
Berry & Bordy
2631 W. Main St.
Bozeman, MT 59715

James H. Goetz, Esq.; Richard J. Dolan, Esq.
Goetz, Madden & Dunn, P.C.
35 N. Grand
Bozeman, MT 59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA
BY: _____
Deputy