NO. 94-360

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF
PAULETTE M. BRANDON,

      Petitioner and Respondent.

   -v-

ROBERT A. BRANDON,

      Respondent and Appellant.

FILED

MAY 9- 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twelfth Judicial District,
               In and for the County of Hill,
               The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Daniel A. Boucher, Altman & Boucher, Havre, Montana

      For Respondent:

      Chris R. Young, Young, Brown & Richardson, Havre,
      Montana

Submitted on Briefs:  February 23, 1995

Decided:  May 9, 1995

Filed:

_____
             Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a decision by the Twelfth Judicial District Court, Hill County, concerning modification of the court's initial dissolution order with regards to maintenance and child support. We affirm in part and reverse in part and remand.

The following two issues are dispositive of the case:

I. Did the District Court err by not using the Uniform Child Support Guidelines?

II. Did the District Court abuse its discretion by denying the husband's Motion to Terminate Maintenance?

Paulette Brandon (Paulette) and Robert Brandon (Robert) were divorced in 1986 after twenty-two years of marriage. Paulette retained physical custody of the two children, a son and a daughter, born to the marriage. At the time of the dissolution, Paulette worked as a beautician for only two and one half days per week for a total of $480 per month. Due to an increasing health deterioration caused by a double curvature of the spine, she had to leave her work as a beautician and take a job with the State of Montana as an inspector of beauty salons. The State job is full time, paying about $20,000 per year, and requires her to travel a good deal of the time.

Robert owns his own drapery and floor covering business and is remarried. Robert's total income for the last three years was $198,000 plus, or an average of $66,000 per year. Robert has been paying $300 per month for maintenance and until the daughter reached the age of majority, $350 for child support for two

2

children.  The daughter reached the age of majority in 1990, but the son, Kelly, is still a minor.

When Paulette began working full time she was required to move from Havre to Helena.  Kelly remained in Havre living with his father.  Robert did not stop the child support payments to Paulette despite Kelly living with him.

On November 9, 1993, almost two years after Kelly began living with his father, Robert moved the court for modification of provisions regarding custody, child support, and maintenance. On May 23, 1994, the court issued its Findings of Fact and Conclusions of Law stating that Robert must continue to pay maintenance to Paulette but that Robert could stop paying child support for those months he had custody of Kelly.  The court also determined that Paulette did not have to pay support for Kelly.

Robert appeals the court ruling on maintenance and lack of support for Kelly.

1.

Did the District Court err by not using the Uniform Child Support Guidelines?

Robert argues that Paulette failed to present evidence to warrant non-application of the Guidelines.  According to Robert, the court is required to use the Guidelines and the Guidelines require that Paulette pay at least a minimal amount of child support.

Paulette contends that she does not make enough money to support herself and that she should not have to pay child support.

3

According to Paulette the District Court did give reasons for deviating from the Guidelines.

The District Court made various findings and conclusions with regards to the income earning capacity of the parents. We review the findings of the District Court as to whether the findings are clearly erroneous. Marriage of Eschenbacher (1992), 253 Mont. 139, 831 P.2d 1353. Conclusions of law are reviewed to see if the court interpreted the law correctly. In re Marriage of Barnard (1994), 264 Mont. 103, 870 P.2d 91. The court also made a determination that modification of maintenance was not warranted because its **former** decree was not unconscionable. A district court's overall decision on modification of child support awards is determined by whether the district court clearly abused its discretion. A district court's overall decision on modification of child support awards is determined by whether the district court clearly abused its discretion. Marriage of Kovash (1995), 52 St.Rep. 280.

In its conclusions of law, the court stated that:

> 2. The Court having found and concluded that the application of the statutory standards of <u>Section 40-4-204, MCA,</u> and <u>Uniform Child Support Guidelines</u> are inappropriate in this case, it is hereby ordered that the Petitioner [Paulette] shall not be required to pay past or future child support to the Respondent [Robert] for the times during which he has custody of Kelly.

The court alludes to its findings of fact when justifying its deviation from the Guidelines but it does not give us written specific findings. The Guidelines must be used in all cases. Section 40-4-204(3)(a), MCA. The court must produce "clear and convincing" evidence pursuant to § 40-4-204(3)(a), MCA, in order

4

to justify its failure to follow the Guidelines.  While the court issued findings, it did not do so in connection with its decision to deviate from the Guidelines.

In the Findings of Fact, the court stated that:

11. A combination of the Petitioner's declining health, physical limitations, limitations of employability and skills will cause the further decline in her standard of living . . . .

Despite this finding, other findings state that Paulette has a full time job which she likes and which nets her $900 take home pay per month, twice what it was during the 1986 dissolution.  During the division of the marital estate in 1986, she received approximately **$170,000 in marital assets.**  In addition to this, she has no responsibility for either child now, the only minor son, at 16, is living with his father for most of the year.  The daughter is an adult and married herself

It is regrettable that Paulette suffers double curvature of the spine.  But she is managing to work full time despite this malady.  The court cannot base its determination of whether to use the Guidelines upon mere speculation that Paulette's health **may** deteriorate in the future.

The Guidelines themselves point out that:

<u>REBUTTABLE PRESUMPTION</u> (1)  The guideline creates a presumption of the adequacy and reasonableness of child support awards.  However, every case **must** be determined on its own **merits** and circumstances and <u>the presumption may be rebutted by evidence that a child's needs are not being met.</u>
(2) . . Any consideration of a variance from the guidelines must take into account <u>the best interests of the child.</u>
(3) A court or administrative hearing officer may find evidence to rebut the presumption and vary from the

5

guidelines in a particular case _only if the decree, separation order or support order contains a specific written finding showing justification that application of the guidelines would be unjust or inappropriate._

(4) Findings that rebut and vary the guidelines _must include a statement of the amount of support that would have been ordered under the guidelines without a variance._

(5) A court or administrative hearing officer may vary from the guidelines based on a stipulation or agreement of the parties _only if the stipulation or agreement meets the follows criteria:_
(a) ~~it is in writin~~ executed b the arties; (b) the parties _have signed the stipulation or agreement free of coercion;_ (c) _it contains specific justification as to why application of the guidelines is unjust or inappropriate;_ (d) _it contains a statement of the amount of support that would have been appropriate under the guidelines without the variance._
. .
(7) A support order granting a variance shall provide that upon termination of the circumstances which justify the variance, the support amount shall immediately be the amount which would have been ordered under the guidelines without the variance. (Emphasis added.)

46.30.1507, ARM. The court did not consider the majority of the above criteria. The court also did not provide us with a total for support that Paulette should pay according to the Guidelines, had the court not deviated:

MINIMUM SUPPORT OBLIGATION (1) Except for parents with _extremely low net income,_ a specific minimum contribution towards child support should be ordered in all cases even though a parent does not have sufficient net income to meet their own self support reserve needs. (Emphasis added.)

46.30.1538, ARM.

On remand the court must focus on the above rules from the Guidelines. Further, the court must follow the Guidelines unless it specifically sets out the "clear and convincing" proof it is using to deviate from the Guidelines. Even if the court decides on remand that Paulette need not pay support, according to the

6

Guidelines, it must at least make a determination of what the support would have been if the court had followed the Guidelines. Likewise, the court must make the same determination in terms of support from Robert for those times in which Kelly lives with his mother

We conclude that the District Court made a legal err when it deviated from the Uniform Child Support Guidelines and, therefore, we must remand this case for a further determination of child support due from each parent based upon the Guidelines. If the court on remand chooses to deviate from the Guidelines, it must do so with specificity and by presenting "clear and convincing" evidence for such deviation.

II.

Did the District Court abuse its discretion by denying the husband's Motion to Terminate Maintenance?

Robert argues that he should not have to pay support to Paulette because she is now employed full time. Paulette argues that though she is employed full time she does not make enough money to sustain herself.

The District Court determined that although Paulette did work full time, her financial condition was not sound. The District Court stated in Finding #15:

> The Court further finds that the Respondent should continue to pay maintenance to Petitioner in the amount of $300.00 per month because there has not been a showing of changed circumstances so substantial and continuing as to make the terms concerning maintenance unconscionable. The evidence is to the contrary. Respondent's standard of living is improving while Petitioner's is deteriorating.

7

Also, the court's Conclusion #3 states:

> The Court concludes that the maintenance order set forth in the Decree should continue in effect due to the inability of the Petitioner to meet her adequate needs under the circumstances independently; the standard of living established during the marriage, the duration of the marriage, her age and physical condition, and the ability of the Respondent from whom maintenance is sought to meet his needs while meeting those of the Petitioner. There has not been a showing of changed circumstances so substantial and continuing as to make the terms unconscionable, as required by § 40-4-208, MCA.

The court then ordered:

> The Court having found and concluded that there has not been a showing of changed circumstances so substantial and continuing as to make the terms of the Decree's maintenance provision unconscionable, it is hereby ordered that Respondent shall continue paying maintenance to the Petitioner in accordance with the Decree. Respondent is ordered to make up any past child support payments not paid.

The burden is on Robert to show that circumstances have changed so substantially from the time of the original decree that the terms of the original agreement are "unconscionable." Section 40-4-208, MCA. Robert's entire argument rests on the fact that Paulette is now employed full time and can afford to care for herself

The record indicates that this was a marriage that lasted 22 years. The record also shows that Paulette was instrumental in helping to sustain the carpet and drape business from which Robert now derives an average income over the years of $45,000 per year, and more for the last three years. It is true that instead of $480 per month Paulette now brings home over $900 per month plus up to $9,000 per year from interest and reimbursement for her travel expenses. However, this still does not begin to approach the

8

standard of living that she had when she was married to Robert, nor that Robert has currently. Nothing that Robert presented to the court shows that the $300 per month amount of maintenance originally set by the court is in any way unconscionable.

We conclude that Robert has failed to meet his burden to prove that the $300 per month that he provides Paulette is unconscionable.

We hold that the court did not abuse its discretion in failing to grant the husband's request to terminate maintenance.

This case is affirmed in part and reversed in part and remanded for proceedings to determine Kelly's proper child support from both parents.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices