NO.   95-483

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE THE MARRIAGE OF:
OSCAR ROY COX, SR.,

      Petitioner and Appellant,

      and

EMMA LAVERNE COX,

      Respondent and Respondent

**FILED**

JUL 12 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourteenth Judicial District,
In and for the County of Wheatland,
The Honorable Roy C. Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Debra Cox, Missoula, Montana

      For Respondent:

      Marcia Birkenbuel, Great Falls, Montana

Submitted on Briefs:   February 15, 1996

Decided:   July 12, 1996

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Oscar Roy Cox, Sr. (Oscar), appeals an order of the District Court for the Fourteenth Judicial District, Wheatland County, awarding Emma Laverne Cox (Emma) spousal maintenance and attorney's fees and costs. We affirm.

Oscar raises six issues on appeal, however, we have consolidated them into four issues and restate them as follows:

1. Did the District Court abuse its discretion in the division of marital property?

2. Are the District Court's findings of fact regarding the award of maintenance to Emma clearly erroneous?

3. Did the District Court abuse its discretion in ordering Oscar to maintain Emma as the beneficiary of his life insurance policy?

4. Did the District Court abuse its discretion in ordering Oscar to pay $1500 for Emma's attorney's fees and costs incurred in the dissolution?

### Factual and Procedural Background

Oscar and Emma were married on October 4, 1989, and separated on January 23, 1995. Oscar filed a Petition for Dissolution of

Marriage on February 10, 1995.  No children were born of the marriage.

Oscar is 70 years old and has a ninth grade education.  After working for the railroad for 37 years, Oscar was placed on full disability retirement in January 1979, because of a back injury.  He receives railroad retirement benefits in the amount of $1453 per month.  In January 1991, -Oscar was injured in an automobile accident which resulted in the placement of two plates in his pelvis and a plate in his arm.  Oscar is in poor health and is unable to work.

Emma is 59 years old and has an eighth grade education.  She is not employed and has no source of income, other than the $650 per month in temporary spousal maintenance ordered by the District Court during the pendency of this action.  Prior to the marriage and for a short time during the marriage, Emma worked as a motel maid.  However, she has not worked outside of the home since the latter part of 1992 when her annual earnings were $1600.  Emma is not covered by health insurance.  She claims to have limited use of her right arm as a result of an accident and she has a thyroid condition.

On October 5, 1994, less than five months before filing the petition for dissolution, Oscar transferred ownership of his home to his son for the sum of $1.  Oscar continues to live in the home.  He claims that he pays his son $300 per month in rent, which the son uses to pay upkeep on the home as well as taxes and insurance.  Oscar testified that he purchased the home in 1981 from his

3

mothers's estate for $8200 and that the home was free of any liens or mortgages when he transferred it to his son.

At the time of their separation, Oscar gave Emma a check for $4000 for her interest in a jointly owned automobile. The remaining personal property acquired during the marriage was divided prior to the filing of the petition for dissolution.

Following the August 30, 1995 hearing, the District Court found that, in addition to the home, Oscar had transferred in excess of $35,000 in investments to his sons, without receiving any compensation and that the investments and the home were resources available to Oscar. The court granted the dissolution and ordered Oscar to pay Emma maintenance of $650 per month for two years, pay $1500 towards Emma's attorney's fees and make Emma the beneficiary of the $2000 life insurance policy Oscar received upon his retirement from the railroad. Oscar appeals the District Court's decision.

## Issue 1.

Did the District Court abuse its discretion in the division of marital property?

The District Court found that the marital estate consisted of various personal and household items "which have been previously divided to the satisfaction of the parties." The court ordered that each party retain sole ownership of those items of personal property already in his or her possession. Oscar argues that the District Court's order should be amended to compel the return of some small items of personal property that he claims belong to him.

4

The standard of review of a district court's division of marital property is whether the district court's findings of fact are clearly erroneous. If substantial credible evidence supports the court's findings and judgment, this Court will not change the trial court's decision unless the court abused its discretion. In re Marriage of Hogstad (Mont. 1996), 914 P.2d 584, 588, 53 St.Rep. 257, 259 (citing In re Marriage of Smith (1995), 270 Mont. 263, 267-68, 891 P.2d 522, 525).

In his petition for dissolution, Oscar indicated that "[t]he parties have acquired only personal property during their marriage and they have previously divided the same to their satisfaction." Oscar did not raise this issue again until he filed his proposed findings of fact and conclusions of law with the District Court. Furthermore, there was no evidence presented on this issue at the dissolution hearing that would contradict either party's previous statements that the property had been divided satisfactorily.

This Court will not disturb an equitable apportionment of the marital assets when it is clear that the district court was acting within its discretion. In re Marriage of DeWitt (1995), 273 Mont. 513, 519, 905 P.2d 1084, 1088 (citing In re Marriage of Danelson (1992), 253 Mont. 310, 319, 833 P.2d 215, 221).

It is clear from the record in this case that the distribution of the marital estate was not clearly erroneous. Accordingly, we hold that the District Court did not abuse its discretion and we affirm the court's ruling on the division of marital property.

. Issue 2.

Are the District Court's findings of fact regarding the award of maintenance to Emma clearly erroneous?

The District Court ordered Oscar to pay Emma $650 per month for spousal maintenance and support for a period of two years. Oscar contends that the court erred because Emma failed to prove that she is entitled to maintenance. He claims that Emma could earn between $600 and $700 per month at a full-time minimum wage job.

The standard of review for a district court's award of maintenance is whether the district court's findings of fact are clearly erroneous. Brandon v. Brandon (1995), 271 Mont. 149, 151-52, 894 P.2d 951, 952-53.

At the dissolution hearing, Emma testified that her necessary monthly living expenses are $1194 per month and that she has no source of income, other than the $650 per month temporary spousal maintenance previously ordered by the court. Oscar testified that he receives $1453 per month in retirement benefits and his necessary monthly living expenses are $1250 per month, which includes $300 per month for housing and $150 per month for auto expenses. Oscar also testified that he transferred more than $35,000 in investments to his sons.

Under § 40-4-203(1), MCA, a district court may grant a maintenance order for either spouse

> only if it finds that the spouse seeking maintenance:
>     (a) lacks sufficient property to provide for his reasonable needs; and

6

(b) is unable to support himself through appropriate employment        .

Additionally, when determining the amount and duration of maintenance payments, the district court should consider the following:

(a)  the financial resources of the party seeking maintenance  .  .  and his ability to meet his needs independently . . . ; .
(b)  the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
(c)  the standard of living established during the marriage;
(d)  the duration of the marriage;
(e)  the age and the physical and emotional condition of the spouse seeking maintenance; and
(f)  the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

Section 40-4-203(2), MCA.

Pursuant to § 40-4-203, MCA, the District Court concluded that Emma is entitled to maintenance because her personal property consists of various household items that are insufficient to provide for her reasonable needs. The court found that Emma has very limited opportunities for future acquisition of income because of her age, poor health and lack of education. Moreover, the District Court determined that Oscar is able to meet his own needs while paying maintenance to Emma. In making this determination, the court found that Oscar's necessary living expenses are only $800 per month because he has no auto expense as he sold both vehicles to his sons and no housing expense as the home he lives in, and ostensibly transferred to his son, is free of any liens or mortgages. In addition, the court found that the $35,000 in

7

.

**investments** that Oscar transferred to his sons is a resource that is available to Oscar as well.

After reviewing these findings, we conclude that Emma **meets** the requirements of § *40-4-203,* MCA, and is entitled to maintenance. We also conclude that Oscar is able to **meet** his own needs while paying maintenance to Emma. Accordingly, we hold that the District Court's findings were not clearly erroneous and we affirm the court's ruling concerning maintenance.

## Issue 3.

Did the District Court abuse its discretion in ordering Oscar to maintain Emma as the beneficiary of his life insurance policy?

In the decree of dissolution, the District Court ordered Oscar to maintain Emma as the beneficiary of Oscar's life insurance policy for the rest of his life. Oscar argues that this order was inappropriate because the policy was his property prior to the marriage.

Section 40-4-202, MCA, gives a district court the authority to

> equitably apportion between the parties the property and assets belonging to either or both, *however and whenever acquired* and whether the title thereto is in the name of the husband or wife or both. [Emphasis added.]

Because a district court has the authority to equitably apportion property and assets however and whenever acquired, we conclude that the District Court was acting within the discretion afforded by § 40-4-202, MCA,' when it ordered Oscar to make Emma the beneficiary on his life insurance policy. Therefore, we affirm the court's ruling on this issue.

Issue 4.

Did the District Court abuse its discretion in ordering Oscar to pay $1500 for Emma's attorney's fees and costs incurred in the dissolution?

The standard of review of an order denying or granting attorney's fees and costs is whether the district court abused its discretion. This Court will not disturb a district court's findings if they are supported by substantial evidence. In re Marriage of Gingerich (1994), 269 Mont. 161, 167-68, 887 P.2d 714, 718 (citing In re Marriage of Barnard (1994), 264 Mont. 103, 109, 870 P.2d 91, 95).

The District Court ordered that Oscar pay $1500 to Emma's attorney to cover a portion of the attorney's fees and costs that Emma incurred in these proceedings. Oscar contends that in making this determination, the court did not consider the financial resources of the parties as required by § 40-4-110, MCA.

Section 40-4-110, MCA, provides:

> costs - attorney's fees. The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under chapters 1 and 4 of this title and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

Here the District Court found that Emma is without any source of income other than the $650 in maintenance awarded by the court and that her necessary monthly living expenses are $1194 per month. The court also found that Oscar receives $1453 per month in

9

benefits while his necessary monthly living expenses are only $800 per month.  In addition, the court found that the home and the $35,000 Oscar transferred to his sons are resources also available to Oscar.  Thus the court concluded that Oscar has sufficient resources available to pay the $1500 in attorney's fees and costs that Emma incurred.

Accordingly, we hold that the District Court did not abuse its discretion in this case as there is substantial evidence supporting the District Court's award of attorney's fees to Emma.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices