No. 95-468

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE THE MARRIAGE OF
JEFFREY L. RONSHAUGEN,

      Petitioner/Appellant,

  v.

KIMBERLY JEAN RONSHAUGEN,

      Respondent/Respondent.

FILED

AUG 15 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

        Daniel L. Falcon, Matteucci, Falcon, Squires &
        Lester, Great Falls, Montana

     For Respondent:

        Joan E. Cook & M. Gene Allison, Law Offices of Joan
        E. Cook, Great Falls, Montana

Submitted on Briefs:  April 18, 1996

Decided:  August 15, 1996

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Appellant Jeffrey Ronshaugen appeals from the findings of fact, conclusions of law and order entered by the Eighth Judicial District Court, Cascade County, dissolving his marriage with his wife Kimberly, dividing the parties' property, and awarding child support, custody, and visitation. We affirm.

## ISSUES

Jeffrey raises the following issues on appeal:

1) Did the District Court err in changing primary physical custody of the parties' three minor children from Jeffrey to Kimberly?

2) Did the District Court err in calculating child support based on Jeffrey's income earned the previous year?

3) Did the District Court err in its division of the parties' personal property?

4) Did the District Court err in awarding Kimberly attorney fees?

## BACKGROUND

Jeffrey and Kimberly Ronshaugen were married on April 1, 1988, in Seattle, Washington. Three children, now ages 7, 5, and 4, were

2

born of the marriage. The parties acquired real property in Great Falls, Montana, which they sold when they separated in May 1993. At the time of the separation, Jeffrey worked for Cascade Circulation, a telemarketing firm, earning $74,207 in 1994. Because he thought that he might be laid off from employment and to gain more flexible hours, Jeffrey voluntarily terminated his position with Cascade Circulation and became self-employed, reducing his income to approximately $37,000. In his new job, Jeffrey had to work on weekends.

Jeffrey petitioned for dissolution of the marriage on June 23, 1993 and moved the District Court for temporary custody of the children. The court awarded the parties joint custody with primary physical custody with Jeffrey and first only allowed Kimberly supervised visitation but later allowed her unsupervised visitation. Upon Kimberly's request, the District Court appointed an attorney to represent the children. The District Court also granted Kimberly's motion to conduct psychological evaluations on the children. Following trial, the attorney for the children filed a recommendation that primary physical custody be changed to Kimberly.

On August 15, 1995, the District Court issued its findings of fact, conclusions of law and order, granting the parties joint custody with primary physical custody with Kimberly, awarding Jeffrey visitation for two days in alternating weeks, visitation for alternating holidays, and 30 consecutive days in the summer, awarding child support of $1,224 per month to Kimberly, ordering

3

Jeffrey to pay 95% of all uncovered medical expenses, and ordering Jeffrey to pay one-half of Kimberly's attorney fees. Jeffrey appeals the District Court's findings of fact, conclusions of law and order.

## DISCUSSION

1) Did the District Court err in changing primary physical custody of the parties' three minor children from Jeffrey to Kimberly?

We review a district court's award of child custody to determine whether the district court's findings are clearly erroneous. In re Marriage of DeWitt (1995), 273 Mont. 513, 516, 905 P.2d 1084, 1085 (citing In re Marriage of Dreesbach (1994), 265 Mont. 216, 220-21, 875 P.2d 1018, 1021). The findings of fact must be based on substantial credible evidence and will be upheld unless it is shown that the District Court clearly abused its discretion. Marriage of DeWitt, 905 P.2d at 1085. Jeffrey contends that in light of the applicable law and public policy, the District Court abused its discretion by appointing Kimberly as the primary physical custodian of the children.

A district court must determine child custody in accordance with the best interests of the child as set forth in § 40-4-212, MCA. However, the court need not make specific findings on each factor of § 40-4-212, MCA. Marriage of Dreesbach, 875 P.2d at 1021.

In the instant case, the findings of fact and conclusions of law indicate that the District Court considered the best interests

4

of the children. Specifically, the District Court noted that Kimberly's "work, daycare, and living arrangements appear to be more suited to a stable lifestyle for the children." Additionally, the District Court found that the oldest daughter expressed a desire to spend more time with her mother, that Kimberly's mother would be available to provide day care for the children, that Kimberly's treating psychiatrist opined that Kimberly could adequately parent her children and does not present a danger to herself or her children, and that although both parents expressed concerns about the threat of physical abuse or chemical abuse, neither appears to be a current factor that would favor one parent over the other. Accordingly, we conclude that there is substantial credible evidence to support the District Court's determination of child custody, and therefore, the court's findings are not clearly erroneous.

2) Did the District Court err in calculating child support based on Jeffrey's income earned the previous year?

Jeffrey contends that the District Court erred in calculating child support by imputing excessive income to Jeffrey and too little income to Kimberly. We review a district court's award of child support to determine if the District Court abused its discretion. Marriage of Dewitt, 905 P.2d at 1086 (citing In re Marriage of Craib (1994), 266 Mont. 483, 490, 880 P.2d 1379, 1384).

Section 40-4-204, MCA, sets forth the standards that a district court must consider when awarding child support. Furthermore, Title 46, Chapter 30 of the Administrative Rules of

5

Montana sets forth the guidelines that must be used in all cases awarding child support. See also Brandon v. Brandon (1995), 271 Mont. 149, 152, 894 P.2d 951, 953. We have held that a district court may impute income to under-employed or unemployed parents after examining the reasons for the limitation on the earnings. In re Marriage of Gebhardt (1989), 240 Mont. 165, 171, 783 P.2d 400, 404. A district court is obliged to consider the employment opportunities available in the local job market for under-employed parents.

In the instant case, the District Court based its award of $1,224 per month in child support on Jeffrey's gross income for 1994. The court based its child support calculations on Jeffrey's demonstrated ability to earn $74,207 and on its finding that Jeffrey voluntarily terminated his employment with Cascade Circulation and therefore voluntarily took a 50% cut in pay. The District Court clearly examined Jeffrey's reasons for leaving his job with Cascade Circulation and acknowledged that Jeffrey thought that he might be laid off, but the court nonetheless found that Jeffrey left his job voluntarily.

Because the District Court examined Jeffrey's reasons for taking a lower paying job before imputing income to him, we conclude that the District Court did not abuse its discretion in calculating child support based on Jeffrey's income earned the previous year.

3) Did the District Court err in its division of the parties' personal property?

Jeffrey contends that the District Court erred in equally dividing the proceeds from the sale of the parties' real property, the proceeds from the parties' joint bank accounts and erred in dividing Jeffrey's life insurance and pension without hearing testimony on them. Specifically, Jeffrey claims that Kimberly did not present substantial credible evidence regarding the division of the marital estate.

We review a district court's division of marital property to determine whether the district court's findings of fact are clearly erroneous. Marriage of DeWitt, 905 P.2d at 1087 (citing In re Marriage of Smith (1995), 270 Mont. 263, 267, 891 P.2d 522, 525). Where substantial credible evidence supports the court's findings and judgment, this Court will not alter the district court's decision unless there is an abuse of discretion. Marriage of DeWitt, 905 P.2d at 1087.

Section 40-4-202, MCA, directs a district court to equitably apportion between the parties the property and assets belonging to either or both. Similarly, we have granted broad discretion to the district courts to equitably apportion marital assets. See In re Marriage of Danelson (1992), 253 Mont. 310, 317, 833 P.2d 215, 219-20.

Here, the record supports that the proceeds from the sale of real property amounted to $2,983.44 and the joint bank accounts totalled $7,126.72. The District Court concluded that these assets should be divided equitably and equally. Moreover, Jeffrey included his life insurance and pension on his list of property.

7

Accordingly, we hold that substantial credible evidence supports the District Court's findings and judgment and there is nothing in the record to indicate that the District Court abused its discretion in apportioning the marital estate.

4) Did the District Court err in awarding Kimberly attorney fees?

Jeffrey contends that the District Court erred in failing to accurately consider Kimberly's financial resources when awarding her attorney fees. We review an order granting attorney fees for an abuse of discretion. In re Marriage of Barnard (1994), 264 Mont. 103, 109, 870 P.2d 91, 95. Therefore, when reviewing a grant of attorney fees, this Court will not disturb a District Court's findings on appeal if substantial credible evidence supports those findings. In re Marriage of Hall (1990), 244 Mont. 428, 436, 798 P.2d 117, 122.

Section 40-4-110, MCA, gives a district court discretion, after considering the financial resources of both parties, to award attorney fees. Marriage of Barnard, 870 P.2d at 95. "An award of attorney fees under this statute must be based on necessity, must be reasonable, and must be based on competent evidence." Marriage of Barnard, 870 P.2d at 95. In Marriage of Barnard, we held that the party requesting attorney fees must make a showing of necessity.

Although Jeffrey contends that Kimberly's "financial picture was not as bleak as she presented," Kimberly contends that she pays for her own auto insurance and that she was $15,000 in debt at the

8

time of trial. Moreover, the District Court found that Kimberly makes approximately $500 a month working for a log manufacturing business, but that her total monthly expenses total more than $1,200. The District Court also noted that Kimberly borrows money from her mother to cover the monthly deficit. After reviewing the record, we conclude that the District Court did not abuse its discretion. We hold that substantial credible evidence supports the District Court's conclusion that the award of attorney fees was based on necessity.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

9

August 15, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

DANIEL L. FALCON
Matteucci, Falcon, Squires & Lester, P.C.
P.O. Box 149
Great Falls, MT  59403-0149

Joan E. Cook & M. Gene Allison
Law Offices of Joan E. Cook
600 Central Plaza, Ste. 300
Great Falls, MT  59401

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _N. Gallagher_
Deputy