DA 13-0082

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 50N

IN RE THE MARRIAGE OF:

ANGELLA KALYN SMITH,

      Petitioner and Appellee,

  and

ANTHONY BALFOUR SMITH,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DR 09-449C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Suzanne C. Marshall, Marshall Law Firm, P.C., Bozeman, Montana

      For Appellee:

          Angella KaLyn Smith, self-represented, College Place, Washington

Submitted on Briefs:  January 22, 2014
Decided:  February 25, 2014

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Anthony Smith appeals the findings of fact, conclusions of law and order entered by the Eighteenth Judicial District Court, Gallatin County, dissolving his marriage with Angella Smith.  We affirm.

¶3     The parties were married in 1998 and had three children during the course of the marriage.  Angella filed a petition for dissolution in 2009.  In May 2010, the parties reached an agreement on a property settlement, spousal maintenance, and a final parenting plan.  Pursuant to their agreement, because the parties were unable to resolve their differences on a child support calculation, Angella initiated a case with the Child Support Enforcement Division of the Montana Department of Public Health and Human Services (CSED) to determine Anthony's child support obligation.  CSED calculated the total support obligation for all three children to be $1,830 per month.

¶4     Following the settlement, Anthony failed to meet his spousal maintenance and child support obligations.  Facing a dire financial situation, Angella filed a notice of intent to move to Washington so that she could live with family and "stabilize

2

financially." Anthony objected to the notice, but Angella moved to Washington before the court could consider the matter. Eventually, the parties' disagreements necessitated a trial. The District Court filed its findings of fact, conclusions of law, and decree of dissolution on January 2, 2013, dissolving the marriage, distributing the marital property and establishing a final parenting plan and child support order.

¶5 Anthony first argues that the District Court erred in declining his request to modify CSED's temporary child support order in the final decree. "A presumption exists in favor of the trial court's determination of child support and we will not overturn its findings unless the court abused its discretion." *In re Marriage of Stevens*, 2011 MT 106, ¶ 6, 360 Mont. 344, 253 P.3d 877 (internal citation omitted).

¶6 A district court must determine the parties' income when setting child support. *In re Stevens*, ¶ 12. The Montana Child Support Guidelines define income as inclusive of "actual income, imputed income, or any combination thereof which fairly reflects a parent's resources available for child support." Admin. R. M. 37.62.106(1). Courts should be "realistic and take the actual situation of the parties into account when calculating child support obligations." *In re Stevens*, ¶ 12 (internal citation omitted).

¶7 Because CSED's order was two years old at the time of trial, Anthony contends that the court clearly erred in failing to make findings or to calculate child support payments to reflect the parties' current situation. He alleges that the court failed to take into account his testimony regarding his income.

3

¶8     The court's findings reflect Anthony's testimony about his income and financial resources, but give it little weight. The court found his testimony to be "suspect, particularly given his large, lump-sum child support payments to Angella, as well as his hiring of counsel on the eve of trial." Additionally, the court considered Angella's testimony that "Anthony continues to operate a marijuana grow operation and that, as a result, he has significant, undisclosed financial resources." Thus, the court relied upon the calculation done by CSED. Relying on *In re Marriage of Brandon*, 271 Mont. 149, 153, 894 P.2d 951, 953 (1995), Anthony contends that the District Court must make specific findings in writing to explain its calculation of child support. In *Brandon*, the court did not apply the Uniform Child Support Guidelines but determined that application of the guidelines was inappropriate. *In re Brandon*, 271 Mont. at 153, 894 P.2d at 953. The court failed, however, to support its findings with clear and convincing evidence, which a court must do if it declines to follow the guidelines. *In re Brandon*, 271 Mont. at 153-54, 894 P.2d at 954. *Brandon* has no application here and Anthony cites no authority to support his argument that the court cannot incorporate CSED's determination in the final decree of dissolution. The parties here expressly agreed that CSED would determine the support obligation if they were unable to reach agreement. Additionally, the court's decree allows CSED to recalculate the amount based on the decree and final parenting plan. After a review of the record, we conclude that the District Court properly

4

evaluated the testimony and did not abuse its discretion in choosing to rely upon CSED's order and denying Anthony's modification request.

¶9 Anthony next appeals the District Court's order requiring him to pay a portion of Angella's attorney's fees. We review an award of attorney's fees for an abuse of discretion. *In re Marriage of Caras*, 2012 MT 25, ¶ 18, 364 Mont. 32, 270 P.3d 48. Section 40-4-110(1), MCA, authorizes a district court to order reasonable attorney's fees incurred in maintaining and defending a dissolution proceeding after considering the financial resources of both parties. The award must be "reasonable, necessary and based on competent evidence." *In re Marriage of Harkin*, 2000 MT 105, ¶ 72, 299 Mont. 298, 999 P.2d 969. The court must conduct a hearing to determine the reasonableness of any attorney's fees claimed. *In re Harkin*, ¶ 72.

¶10 Anthony argues that the court erred in awarding Angella's fees in light of his financial situation and without holding a hearing on the reasonableness of the fee. Despite Anthony's assertion that he cannot afford to pay Angella's fees and costs, it is clear that the District Court considered the financial resources of both parties in awarding attorney's fees. The court recognized Angella's inability to pay her own fees "[g]iven her limited income and Anthony's failure to continuously support Angella and the children." Although the court found that "it does not appear that Anthony has the ability [to] pay [Angella's] remaining fees (which total over $20,000)," it concluded that he could pay a portion of her unpaid fees. There was not a hearing held on the

reasonableness of the fees claimed; Angella testified at trial, however, that her attorneys billed her $21,963.75 in total. She explained that she borrowed money from her father to help her pay the fees, but, as a notice of lien filed by her former attorney demonstrates, $7,568.05 remained outstanding. Anthony is correct that, ordinarily, there must be evidence presented to support the reasonableness of a party's claimed attorney's fees. *In re Marriage of Crowley*, 2014 MT 42, ¶ 53, ___ Mont. ___, ___ P.3d ___. In this case, however, because the District Court awarded only $7,568—a fraction of the attorney's fees claimed—we do not believe Anthony has demonstrated an abuse of discretion regarding the reasonableness of the fees awarded. We affirm the District Court's attorney's fee award.

¶11 Finally, Anthony argues that the District Court erred in its adoption of the final parenting plan because it is not in the best interests of the children. A district court is vested with "broad discretion when considering the parenting of a child," and we "presume that the court carefully considered the evidence and made the correct decision." *In re Marriage of Tummarello*, 2012 MT 18, ¶ 34, 363 Mont. 387, 270 P.3d 28 (internal citation omitted). Anthony contends that the District Court did not consider the best interests of the children in permitting Angella to move and restrict his access to the children. Additionally, he contends that because the evidence showed that the parties' oldest child, L.A.S., is failing classes, living with Angella is not in the children's best interests.

6

¶12 The court's findings regarding its parenting determination are well-supported in the record. The court found that "[a]s it was throughout the parties' marriage, Angella remains the primary caregiver to the children." While recognizing that the children had resided in Gallatin County for their entire lives, the court found that Angella needed to move to Washington to be financially stable—largely because Anthony failed to support her pursuant to their separation agreement. The court expressly found that "Anthony's failure [to support her and the children adequately] left Angella with no other reasonable choice other than moving to Washington."

¶13 The court addressed Anthony's concerns about L.A.S.'s absences and failing grades, stating, "[T]his Court does not believe that L.A.S.'s school performance would change significantly should he reside primarily with Anthony instead of Angella." The record supports the court's findings that L.A.S.'s troubles with school are not attributable to either parent. Angella testified that L.A.S. struggled with getting his assignments completed and turned in throughout his entire school career, and that she was working with him to hold him accountable for deadlines.

¶14 Further, the court found several deficiencies in Anthony's parenting that support its selection of Angella as the primary residential parent. It stated, "[T]here is credible evidence that Anthony has failed to properly supervise the children while they are in his care," and specifically that "it is not in the children's best interest to be exposed to marijuana." Anthony argues that this finding is not supported by evidence in the record.

7

He points to Dr. Colette Kirchoff's testimony that working as a medical marijuana provider is not a basis for limiting children's access to a parent if appropriate precautions are taken. Even assuming this is true, the court did not find credible Anthony's testimony that he did not expose the children to marijuana. Instead, it believed Angella's testimony that she recently discovered marijuana at Anthony's home. Anthony fails to demonstrate clear error in the court's finding that the children's best interests would be served by awarding Angella primary residential custody. We conclude that the District Court did not abuse its discretion and affirm its entry of the final parenting plan.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Determining child support, awarding attorney's fees, and selecting a primary residential parent are matters of judicial discretion, and we conclude that the court clearly did not abuse its discretion in this case. Affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE

8